124 F.3d 203
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Marion T. BEAVEN, Petitioner-Appellant
v.
Daniel R. McBRIDE, Respondent-Appellee.
 No. 97-1668.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1997.*
Decided July 15, 1997.
Rehearing Denied oct. 15, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division.
 Before Hon. JOHN L. COFFEY, Circuit Judge, Hon. JOEL M. FLAUM, Circuit Judge Hon. MICHAEL S. KANNE, Circuit Judge.
 ORDER
 SHARP, Judge.
 
 
 1
 Marion Beaven was convicted on five counts of conspiracy to commit forgery and determined to be an habitual offender by an Indiana jury. He was sentenced to five concurrent eight-year terms of imprisonment on the conspiracy convictions, and received a twelve-year consecutive sentence for the habitual offender determination. His conviction and sentence were affirmed by the state appellate court, and the Supreme Court of Indiana denied transfer. Beaven's petition for post-conviction relief was denied by the trial court and he did not appeal. He then filed a petition for federal habeas corpus relief, 28 U.S.C. § 2254, which the district court denied. On appeal, Beaven challenges his conviction on three grounds, each, of which was raised in his direct appeal. He contends that his conviction and sentence violate the Double Jeopardy Clause, and that they were not supported by evidence sufficient to satisfy due process. He also asserts that his trial counsel rendered ineffective assistance in violation of the Sixth Amendment.
 
 
 2
 A writ of habeas corpus may issue on these claims only if the state court's adjudication of them "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (Supp.1997),[1] Under this standard, we review the state court's legal determinations de novo, and its determinations of mixed questions of law and fact for reasonableness. Hall v. Washington, 106 F.3d 742, 749 (7th Cir.1997); Gomez v. Acevedo, 106 F.3d 192, 199 (7th Cir.1997), pet. for cert. filed, 65 U.S.L.W. 2525 (May 5, 1997) (No. 96-8978). A responsible, thoughtful answer reached after a full opportunity to litigate is reasonable and, therefore, adequate to support a state court's judgment on mixed questions of law and fact. Porter v. Gramley, 112 F.3d 1308, 1313 (7th Cir.1997).
 
 
 3
 Beaven's claims must fail. In each instance he has not cited Supreme Court case law that is contrary to, or establishes the unreasonableness of, the state appellate court's various rulings. Moreover, there is none; Supreme Court precedent fully supports the state court judgment. Specifically, United States v. Felix, 503 U.S. 378, 389-90 (1992), establishes that "a substantive crime and a conspiracy to commit that crime are not the 'same offence [sic]' for double jeopardy purposes." Further, habitual offender statutes do not violate the Double Jeopardy Clause. See, e.g., Witte v. United States, 115 S.Ct. 2199, 2206 (1995); Nichols v. United States, 511 U.S. 738, 746-47 (1994). Therefore, the state court correctly determined that Beaven's conviction and sentences did not violate the Double Jeopardy Clause.
 
 
 4
 The state appellate court also correctly stated and carefully applied the Strickland test to Beaven's ineffective assistance of counsel claim. See Strickland v. Washington, 466 U.S. 668 (I 984). Only one of Beaven's many bases for claiming ineffective assistance by counsel bears discussion. Beaven cites Kimmelman v. Morrison, 477 U.S. 365 (1986), to support his contention that counsel unreasonably failed to file a motion to suppress evidence allegedly obtained in violation of his Fourth Amendment rights. The other arguments made by Beaven are both unsupported by citation to pertinent case law and wholly without merit.
 
 
 5
 Kimmelman holds that Stone v. Powell, 428 U.S. 465 (1976), does not preclude a habeas court from considering an ineffective assistance of counsel claim based on the violation of Fourth Amendment rights. 477 U.S. at 374-75. This holding does not help Beaven because the state appellate court decided Beaven's ineffective assistance of counsel claim based on the Fourth Amendment: it found that Beaven did not establish prejudice as a result of counsel's failure to file a motion to suppress. Moreover, Kimmelman states that the petitioner must show that the underlying Fourth Amendment claim is meritorious. Id. at 375. Beaven does not attempt to make such a showing, rather he relies on bare assertions that evidence introduced at trial was obtained through an illegal search and seizure. He has therefore not shown that the state court's decision was unreasonable.
 
 
 6
 In addition, Beaven contests the district court's resolution of his challenges to the sufficiency of the evidence supporting both his conspiracy conviction and the habitual offender determination. The district court did not grant a certificate of appealability on these claims, but we will imply a request for such certification from the filing of a notice of appeal. Porter, 112 F.3d at 1312. Therefore, we must determine whether Beaven makes a "substantial showing of the denial of a constitutional right." Id.; see 28 U.S.C. § 2253(c)(2). He does not. As to the conspiracy conviction, Beaven does nothing more than dispute the testimony given by witnesses supporting that conviction. Further, the evidentiary challenge to the habitual offender determination has been procedurally defaulted because Beaven did not raise it in state court. For these reasons, we deny his implied request for a certificate of appealability.
 
 
 7
 In conclusion, Beaven has not shown that the state appellate court's judgment was contrary to, or involved the unreasonable application of, clearly established federal law as determined by the Supreme Court. Therefore, the district court's judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Beaven filed his petition after the Antiterrorism and Effective Death Penalty Act of 1996 was enacted. Therefore, the habeas corpus statute as amended by the Act applies to this action